# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08-CR-1329-LRR |
| vs. | **ORDER** |
| ENRIQUE ORTIZ, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Enrique Ortiz's "Motion for Legal Ruling on Elements of Offense Charged Under 18 U.S.C. § 1028A" ("Motion") (docket no. 8).

## *II. RELEVANT PRIOR PROCEEDINGS*

On November 19, 2008, Defendant was charged in a two-count Indictment (docket no. 2) with False Use of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B) and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).

On December 23, 2008, Defendant filed the Motion. On December 24, 2008, the government filed a Response. The court finds the matter fully submitted and ready for decision.

## *III. ANALYSIS*

In the Motion, Defendant asks the court to set forth the elements of Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1). Specifically, Defendant asks the court to rule whether, in order to sustain a conviction under 18 U.S.C. § 1028A, the government must prove that a defendant knew the means of identification a defendant possessed or used belonged to another actual person.

### *A. Authority to Entertain the Motion*

Federal Rule of Criminal Procedure 12(b)(2) provides the court with the authority

to determine the elements of Aggravated Identity Theft at this stage in the proceedings. Rule 12(b)(2) states "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).

Although there are no Eighth Circuit Court of Appeals cases on point, the undersigned has repeatedly held that Rule 12(b)(2) authorizes the court to determine the elements of a charged offense. *See, e.g., United States v. De Leon*, No. 08-CR-5-LRR (N.D. Iowa March 10, 2008); *United States v. Mata-Lara*, 527 F. Supp. 2d 887 (N.D. Iowa 2007); *United States v. Aguilar-Morales*, No. 07-CR-75-LRR, 2007 WL 2903189, *1 (N.D. Iowa Oct. 2, 2007); *United States v. Ordonez-Alquijay*, No. 07-CR-54-LRR, 2007 WL 2710805, *1 (N.D. Iowa Sept. 13, 2007); *United States v. Garcia-Xelhua*, No. 07-CR-1015-LRR, 2007 WL 2710801, *1 (N.D. Iowa Sept. 13, 2007). The parties do not dispute the court's authority to entertain the Motion. Consistent with the court's prior orders, the undersigned again holds that Rule 12(b)(2) authorizes the court to determine the elements of a charged offense before trial.

### B. *Determination of the Elements of Aggravated Identity Theft*

The court now determines the elements of Aggravated Identity Theft. The court begins its analysis with the plain language of the statute, 18 U.S.C. § 1028A(a)(1). *See United States v. Cacioppo*, 460 F.3d 1012, 1016 (8th Cir. 2006) ("It is well established that [the Eighth Circuit Court of Appeals] commence[s] any statutory interpretation with the statute's plain language."). In relevant part, § 1028A provides:

> **(a) Offenses.**—
>
> **(1) In general.**—Whoever, during and in relation to any felony violation enumerated in subsection (C), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A (emphasis in original).

The fighting issue is the level of intent required to prove a conviction for Aggravated Identity Theft. The parties agree the Eighth Circuit Court of Appeals recently addressed this issue in *United States v. Mendoza-Gonzalez*, 520 F.3d 912 (8th Cir. 2008) and *United States v. Flores-Figueroa*, No. 07-2871, 2008 WL 1808508 (8th Cir. April 23, 2008). The Eight Circuit Court of Appeals determined that under the plain language of the statute, "knowingly" modified only the verbs "transfers, possessed, or uses," and not the phrase "of another person." *Mendoza-Gonzalez*, 520 F.3d at 915. The Eighth Circuit Court of Appeals held in both cases that the government does not have to prove that the defendant knew that the means of identification belonged to another person. *Id.* at 915-16; *Flores-Figueroa*, 2008 WL 1808508 *1. Accordingly, the court follows the precedent established by the Eighth Circuit Court of Appeals and finds the government does not have to prove Defendant knew that the means of identity belonged to another actual person.

## IV.  CONCLUSION

(1) The court **GRANTS** the Motion to the extent that Defendant asks the court to determine the elements of 18 U.S.C. § 1028A(a)(1); and

(2) The court holds that, to prove a violation of 18 U.S.C. § 1028A(a)(1), the government must prove that Defendant (1) knowingly transferred, possessed or used (2) the means of identification of another person (3) without lawful authority (4) during and in relation to a violation of a felony enumerated in 18 U.S.C. § 1028A(C).

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA